**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESUS CAMEJO,**

**Plaintiff,**

**v.** **CASE NO.:**

**BROWN FERTILITY ASSOCIATES, P.A.,**

**Defendant.**

**______________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESUS CAMEJO, by and through undersigned counsel, brings this action against Defendant, BROWN FERTILITY ASSOCIATES, P.A. ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for retaliation, and a violation under the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a fertility clinic in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the FPWA, Section 448.101(3), Fla. Stat.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15. Plaintiff began working for Defendant as an Andrologist on February 20, 2023, and he worked in this capacity until August 5, 2024.

16. Defendant, as a private employer engaged in the clinical laboratory industry, was obligated to adhere to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, which mandates that employers maintain accurate payroll records and provide proper compensation, including overtime pay, to their employees.

17. Despite these legal requirements, Plaintiff observed and reported violations of the FLSA by Defendant.

18. Plaintiff typically clocked in and out of work through Defendant's ADP payroll system. However, in or around July 19, 2024, Defendant relocated its office, during which time its ADP payroll system was not operational. As a result, Plaintiff's manager, Vera Muñoz, assumed responsibility for manually entering time records for Defendant's employees and implemented a practice of recording 40-hour work weeks for all employees, regardless of the actual hours they worked.

19. Following this change, in late July 2024, Defendant failed to pay Plaintiff for 24 hours of work, corresponding to three full 8-hour shifts Plaintiff worked on July 24, 25, and 26, 2024. Plaintiff observed this error upon receiving an incomplete direct deposit payment on August 2, 2024, which was missing approximately $1,000 of pay for the two-week pay period.

20. On August 2, 2024, Plaintiff verbally reported the missing hours to Defendant's HR representative, Teri Marsh. Plaintiff explained the discrepancy and the ongoing issue with ADP. Ms. Marsh questioned why employees were still unable to clock in, noting, "Still?" when Plaintiff explained that managers were manually inputting time records. Ms. Marsh stated she would investigate and call Plaintiff back after speaking with his manager, Vera Muñoz.

21. Later that day, when Ms. Muñoz arrived at the office, she approached Plaintiff and inquired about his conversation with Ms. Marsh. Ms. Muñoz expressed frustration with Plaintiff, stating, "There's a chain of command, you don't step over me," and questioned why he had contacted HR directly. Plaintiff explained that, in previous situations involving ADP issues, Ms. Muñoz had instructed him to contact Ms. Marsh.

22. Shortly after this conversation, Ms. Marsh called Plaintiff and informed him that he would receive the missing 24 hours of pay via direct deposit on Monday, August 5, 2024. Despite this resolution, after leaving work on that day, on August 2, 2024, Plaintiff received an email from Indeed advertising his job position as available, which led him to suspect that his employment was in jeopardy.

23. On August 5, 2024, Plaintiff received the payment for his missing hours. However, later that day, at approximately 3 p.m., Ms. Muñoz brought Plaintiff into her office and terminated his employment, stating that Plaintiff was "not a good fit." Plaintiff questioned the termination, noting that he had only received one verbal warning in March 2024 for being 5-6 minutes late to clock in, and had received no prior notice of the termination or even disciplinary issues. Plaintiff also inquired about the Indeed job posting he saw on August 2, 2024. However, Ms. Muñoz denied the significance of the posting and followed through with Plaintiff's termination. Following his termination, Defendant did not provide Plaintiff with any termination paperwork.

24. Plaintiff engaged in protected activity under both the Fair Labor Standards Act (FLSA) and the Florida Private Whistleblower's Act (FPWA) by reporting Defendant's unlawful payroll practices and unpaid wages to Defendant's HR representative, specifically raising concerns about missing hours in his pay. Plaintiff sought resolution of these practices, which violated the FLSA, 29 U.S.C. §§ 201-219 by depriving employees of their rightful compensation.

25. However, Defendant retaliated against Plaintiff for engaging in these protected activities by terminating his employment on August 5, 2024, in direct violation of the FLSA and FPWA.

26. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA. Defendant retaliated against Plaintiff for raising legitimate concerns about wage violations under the FLSA by terminating his employment, in violation of the FLSA and the FPWA.

## COUNT I – FLSA RETALIATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. By reporting and seeking resolution of Defendant's payroll practices, which resulted in unpaid wages, Plaintiff engaged in protected activity under the FLSA.

29. By terminating his employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

31. Plaintiff was injured by Defendant's violations of the FLSA.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

**COUNT II – RETALIATION UNDER THE FPWA**

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

33. Plaintiff opposed and refused to participate in Defendant's violation of the FLSA, 29 U.S.C. §§ 201-219 by reporting and seeking resolution of Defendant's payroll practices, which resulted in unpaid wages, thereby engaging in protected activity under the FPWA.

34. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating his employment.

35. Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of April, 2025.

Respectfully submitted,

/s/ Ashwin R. Trehan
**Ashwin R. Trehan**
Florida Bar. No.: 42675
**CANTRELL SCHUETTE, P.A.**
401 E. Jackson Street, Ste. 2340
Tampa, FL, 33602
(813) 705-6275
atrehan@caklegal.com
paralegal@caklegal.com
**Attorney for Plaintiff**